IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  | * |  |
|---|---|---|
| JOHN SHIPLEY, | | |
| Plaintiff, | * | |
| v. | * | Civil Action No. BPG-05-3220 |
| | * | |
| SUPERVALU INC., | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>MEMORANDUM</u>

The above-referenced personal injury case has been referred
to me for all proceedings with the consent of the parties
pursuant to 28 U.S.C. § 636(c).  Plaintiff, John Shipley, seeks
damages for injuries he sustained after slipping in a liquid
substance and falling to the floor while grocery shopping at a
Shoppers Food Warehouse supermarket.  Plaintiff filed suit for
negligence in the Circuit Court for Baltimore City against the
owner of the supermarket, defendant Supervalu Inc.  On November
29, 2005, defendant removed the case to federal court by invoking
this court's diversity jurisdiction under 28 U.S.C. § 1332.
Currently pending are Defendant's Motion for Summary Judgment,
Plaintiff's Opposition, and Defendant's Response to Plaintiff's
Opposition (Paper Nos. 16, 19-1, 20-1).  No hearing is deemed
necessary.  Local Rule 105.6.  For the reasons discussed below,
defendants' motion is GRANTED.

**I.   <u>Background</u>**

On May 30, 2005, plaintiff was shopping for groceries at one of defendant's supermarkets in Baltimore, Maryland.  (Paper No. 19-1 at 4).  At about 12:15 p.m., plaintiff selected his final item from the grocery store and began to head toward the cashier.  (Paper No. 16, Dep. at 2-3).  As plaintiff was exiting the aisle in which he had procured his final item, he paused as he approached another customer's cart that was blocking his path.  (<u>Id.</u>)  Plaintiff signaled to the other customer that her cart was obstructing his path, and began to maneuver his cart around the other customer and her cart.  (<u>Id.</u> at 3).  As plaintiff was moving around the other customer, he stepped in a liquid substance, slipped, and fell to the floor, injuring himself.  (<u>Id.</u>).

Plaintiff testified in his deposition that he was unsure of the type of liquid that he slipped in or how it ended up on the floor.  (<u>Id.</u> at 4).  Plaintiff alleges in his opposition memorandum, however, that the substance was "a puddle of spilled fruit juice."  (Paper No. 19-1 at 4).  Other than this unsupported factual allegation, plaintiff has not produced any evidence as to what kind of substance it was, other than that it was liquid.  (<u>Id.</u> at 6).  Nor has plaintiff produced any evidence regarding how long the liquid substance had been on the floor prior to his fall or how it got on the floor.  (<u>Id.</u>).

## II.  __Summary Judgment Standard__

Summary judgment is appropriate when there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The party moving for summary judgment has the burden to demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(c); Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).

If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  Anderson, 477 U.S. at 250.  The only facts that are properly considered "material" are those that might affect the outcome of the case under the governing law.  Id. at 248.  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50 (internal citations omitted).  Thus, the existence of only a "scintilla of evidence," is not enough to defeat a motion for summary judgment.  Id. at 252.

To determine whether a genuine issue of material fact exists, all facts and all reasonable inferences drawn therefrom are construed in favor of the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but

must show that specific, material facts exist to create a
genuine, triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317,
324 (1986).

On those issues for which the non-moving party will have the
burden of proof, it is his or her responsibility to oppose the
motion for summary judgment with affidavits or other evidence
specified in the rule.  Id.; Fed. R. Civ. P. 56(e); Mitchell v.
Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993) ("The summary
judgment inquiry thus scrutinizes the plaintiff's case to
determine whether the plaintiff has proffered sufficient proof,
in the form of admissible evidence, that could carry the burden
of proof of his claim at trial.").  If a party fails to make a
showing sufficient to establish the existence of an essential
element on which that party will bear the burden of proof at
trial, summary judgment is proper.  Celotex, 477 U.S. at 322.

## III.  Discussion

Defendant argues that plaintiff cannot establish a prima
facie case of negligence under Maryland law, because plaintiff
has produced no evidence showing how long the liquid substance
on which he slipped was on the floor prior to the accident.
(Paper No. 16 at 7-8).  Plaintiff responds by arguing that a
computer log showing the "daily sweep activity" conducted by
employees at defendant's store on the day of the accident is
sufficient to create a factual dispute as to whether defendant

4

exercised reasonable care in monitoring the store for dangerous condition.  (Paper No. 19-1 at 6-7).

For the reasons stated below, the court concludes that plaintiff cannot establish a prima facie case of negligence against defendant for his injuries because he has produced no evidence showing how long the hazardous condition existed at defendant's supermarket prior to the accident.  Without this evidence, a factfinder would be unable to determine whether defendant could have discovered the dangerous condition by using ordinary care.  The evidence produced by plaintiff purporting to show that defendant failed to conduct regular inspections is insufficient, because it does not demonstrate the amount of time that the liquid was on the floor.  Accordingly, summary judgment in favor of defendant is appropriate.

**A.   No Evidence Shows How Long the Condition Existed**

It is well-established under Maryland law, that "a proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." Moulden v. Greenbelt Consumer Servs., 210 A.2d 724, 725 (Md. 1965) (internal citations omitted) (holding that a prima facie case of a storekeeper's negligence could not be established due to the plaintiff-customer's failure to produce evidence showing how

long a mashed string bean had been on a grocery store floor
prior to plaintiff's slip and fall).  "In an action by a
customer to recover damages resulting from a fall in a store
caused by a foreign substance on a floor or stairway, the burden
is on the customer to produce evidence that the storekeeper
created the dangerous condition or had actual or constructive
knowledge of its existence."  Rawls v. Hochschild Kohn & Co.,
113 A.2d 405, 408 (Md. 1955) (holding that there was no legally
sufficient proof of a department store's negligence because the
plaintiff-customer produced no evidence of how long the water
that allegedly caused her to slip and fall in the defendant's
stairwell had been on the stairs, or how the water got there).

Plaintiff does not assert that defendant had actual
knowledge of the dangerous condition.  Rather, plaintiff relies
on his ability to prove that defendant had constructive
knowledge of the dangerous condition.  In order to show that the
proprietor of a store had constructive knowledge of a dangerous
condition, the plaintiff must prove that the condition existed
long enough for a person (acting under the duty to discover
dangerous conditions) would have discovered the condition by the
exercise of ordinary care.  Id. at 409.

Here, plaintiff has produced no evidence as to how long the
dangerous condition at issue existed prior to his fall.  As the
Maryland courts have explained, such a lack of evidence is fatal

to a plaintiff's case in this type of action.  <u>See</u> <u>Maans v.</u>
<u>Giant of Maryland</u>, 871 A.2d 627, 638-39 (Md. Ct. Spec. App.
2005) (affirming a directed verdict in favor of a storekeeper
because plaintiff produced no evidence as to how long liquid had
been on a grocery store floor prior to the customer's fall).
Without evidence of how long a dangerous condition – in the form
of a foreign substance on a store floor – existed, the
factfinder cannot determine whether a defendant storekeeper,
exercising ordinary care, would have discovered the condition in
time to make the condition safe for customers.  <u>Id.</u>  As the
Court of Special Appeals of Maryland has explained, "[d]oing
away with the requirement that the [customer] must prove how
long the dangerous condition existed pre-injury is the
functional equivalent of doing away with the requirement that
the plaintiff prove that the defendant's negligence was the
proximate cause of the plaintiff's injury."  <u>Id.</u> at 639.

Accordingly, because plaintiff has not produced any
evidence of how long the liquid substance had been on the floor
of the Shoppers Food Warehouse, plaintiff cannot establish a
prima facie case of negligence.  Summary judgment in favor of
defendant, therefore, is appropriate.

**B.  <u>Defendant's Duty to Make Reasonable Inspections</u>**

Plaintiff argues alternatively, albeit vaguely, that
constructive notice may be proved by showing that a storekeeper

breached its duty to make reasonable inspections of its premises. (Paper No. 19-1 at 6-7). This precise argument was rejected by the Court of Special Appeals of Maryland in <u>Maans</u>, which plaintiff fails to distinguish, or even cite, in his opposition memorandum. In <u>Maans</u>, a grocery store customer was injured after she slipped in a clear liquid substance and fell. <u>Id.</u> at 629-30. The appellate court assumed for purposes of argument that the storekeeper breached its duty to make reasonable inspections of its grocery store. <u>Id.</u> at 634.

Even with the support of the court's assumption, however, the plaintiff-customer was unable to produce evidence that the dangerous condition would have been discovered by the storekeeper in time to eliminate it, had the storekeeper fulfilled its duty to inspect its premises. <u>Id.</u> The court further explained that without evidence of how long the liquid had been on the grocery store floor, proof that the storekeeper failed to reasonably inspect its premises could not eliminate the possibility that the liquid substance had not been simply "spilled by a customer seconds before [plaintiff's] fall." <u>Id.</u>

Plaintiff's attempt to produce evidence of constructive notice by reliance on defendant's inspection records is unavailing. As in <u>Maans</u>, the liquid substance in question here could have been spilled just seconds before plaintiff's fall. A finding that defendant should have discovered the liquid

substance and removed it or warned plaintiff in time "would rest on pure conjecture and not on reasonable inference." <u>Moulden</u>, 210 A.2d at 233.  Where, as here, the record is devoid of any evidence of defendant's knowledge of a dangerous condition, the evidence offered by plaintiff regarding the frequency with which defendant monitored its premises is insufficient to create a genuine dispute of material fact.  In sum, plaintiff's alternative theory of constructive notice is legally insufficient to survive summary judgment under Maryland law.

**IV.  <u>Conclusion</u>**

For the foregoing reasons, because plaintiff has produced no evidence that defendant had actual or constructive knowledge of the dangerous condition that allegedly caused plaintiff's injuries, defendants' Motion for Summary Judgment (Paper No. 16) is GRANTED.  A separate order shall issue.


Date: <u>07/10/06</u>                   <u>        /s/           </u>
                                  Beth P. Gesner
                                  United States Magistrate Judge